■ MARK H. McCORMACK, Respondent-Appellant, v GRUMMAN AMERICAN AVIATION CORPORATION, Now Known as GULFSTREAM AEROSPACE CORPORATION, Appellant-Respondent.— Judgment of the Supreme Court, New York County (Helen E. Freedman, J.), entered on or about April 8, 1986, which awarded plaintiff the sum of $75,000 plus interest and costs, is modified, on the law and the facts to the extent of awarding plaintiff the sum of $112,500 plus interest and costs, and otherwise affirmed, with costs and disbursements on the appeal.

Plaintiff Mark McCormack entered into an oral agreement with defendant corporation pursuant to which he was to be paid a finder's fee upon a sale of aircraft to one Bruce Rappaport, a Switzerland-based executive, whom plaintiff introduced to defendant. Subsequently, plaintiff wrote to defendant's then senior vice-president inquiring about the payment due to him, whereupon defendant's president at the time,

Russel W. Meyer, Jr., with whom the arrangement had been reached, discussed the matter with defendant's vice-president for sales, Charles Vogeley. Meyer and Vogeley concluded that if Rappaport was indeed a new prospect and a sale was consummated with him, a finder's fee of at least $50,000 would be reasonable. Such amount represented 1½% of the plane's selling price of $3,600,000. Thereafter, a letter to this effect was sent by Meyer to Vogeley, with a copy forwarded to plaintiff. According to that written communication: "Provided the airplane is sold to Rappaport at the standard export price (currently $3.6 million), and provided there is no extraordinary demonstration expense, then [plaintiff] would receive a fee of *at least* $50,000." (Emphasis added.)

However, the actual purchase price of the plane sold by defendant to Rappaport was $7,500,000. At the assessment of damages eventually held in connection with this case, Meyer's testimony revealed that the fee plaintiff was to receive for his services was rather low for defendant in that depending upon the amount of activity involved, the fee would generally range anywhere from 2 to 10%. He also stated that, in his opinion, the reasonable value of plaintiff's services in the instant deal was in the 1 to 2% range. For some unaccountable reason, the trial court selected the lowest possible figure of 1%. Yet, there is no more basis in the record for awarding plaintiff a 1% finder's fee than there would have been for giving him 10%, the maximum number mentioned, or 5%, which would be the average fee generally paid by defendant in such an arrangement. Indeed, the court provides no explanation for ignoring the 1½% number indicated in the Meyer letter in favor of an award of 1%. Since the evidence clearly demonstrates that plaintiff was entitled to receive at least 1½% of the $7,500,000 price at which the plane was ultimately sold, the judgment should have been in the amount of $112,500. Concur—Sandler, J. P., Sullivan, Milonas, Kassal and Smith, JJ.